IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARISTEO SIERRA PARRA,

    Petitioner,               No. 2:12-cv-0335 EFB P

    vs.

MIKE McDONALD,

    Respondent.          ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. Respondent moves to dismiss this action as untimely. Resp.'s Mot. to Dismiss, Dckt. No. 9. For the following reasons, respondent's motion is granted.

**I.    Procedural History**

      Petitioner pled nolo contendere to second degree murder and assault with a deadly weapon, as well as to associated enhancements. Resp.'s Mot. to Dismiss, Docs. Lodged in Supp. Thereof (hereinafter "Lodg. Doc.") 1. On June 19, 2009, he was sentenced to a total

////

////

////

1

prison term of 19 years to life.[1]  *Id.*  On July 13, 2009, an amended abstract of judgement was filed *nunc pro tunc* to June 19, 2009.  *Id.*  Petitioner failed to timely appeal his conviction.  Lodg. Doc. 2.  On May 10, 2010, he requested permission to belatedly file a notice of appeal.  *Id.*  The California Court of Appeal, Third Appellate District, denied his request on June 18, 2010.  Lodg. Doc. 3.

On April 14, 2011, petitioner filed a petition for writ of habeas corpus in the California Superior Court for the County of Sacramento; it was denied on June 7, 2011.[2]  Lodg. Docs. 4, 5.  On June 19, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  That petition was denied on July 21, 2011.  Lodg. Docs. 6, 7.  He filed his last state petition on August 2, 2011, which the California Supreme Court denied on December 21, 2011.[3]  Lodg. Docs. 8, 9.

////

////

////

////

---

[1] There is a disparity between the parties' characterization of petitioner's sentence.  *See* Dckt. No. 9 at 1; Pet'r's Opp'n, Dckt. No. 11 at 1-2; Resp.'s Reply, Dckt. No. 14 at 1.  As ultimately clarified by respondent, petitioner was sentenced to an indeterminate sentence of 15 years to life and a determinate sentence of 4 years, for a total state prison term of 19 years to life.  Lodg. Doc. 1; Dckt. No. 14 at 1.

[2] Unless otherwise noted, the court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
Since petitioner did not provide a date of service in his petition in the California Superior Court for the County of Sacramento, the court considers the date the petition was filed, April 14, 2011, the filing date.  Lodg. Doc. 4.

[3] Respondent alleges that this petition's filing date under the mailbox rule was August 1, 2011.  Dckt. No. 9 at 2.  While petitioner includes this date on a form within the petition, the date of service is August 2, 2011.  Lodg. Doc. 8.  However, regardless of which date is used, the analysis is not impacted.

Petitioner filed the instant petition on February 5, 2012. Pet., Dckt. No. 1 at 7.[4] He alleges that an indeterminate sentence was imposed in violation of his plea agreement and California contract law. *Id.* at 11-21.

## II.   Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the date the judgment became final on direct review or the expiration of the time for seeking such review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Petitioner has the burden of showing facts entitling him to statutory tolling. *Smith*, 297 F.3d at 814, *overruled on other grounds by Pace*, 544 U.S. at 418.

////

////

---

[4] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

## III. Analysis

### A. Start Date of the Limitations Period

In this case, the statute of limitations began to run when petitioner's time for seeking direct review expired, rendering the judgment final. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Gonzales v. Thaler*, 132 S.Ct. 641, 653-54 (2012) ("judgment becomes final at the 'expiration of the time for seeking such review'–when the time for pursuing direct review. . . in state court, expires."). Petitioner was sentenced on June 19, 2009.[5] Lodg. Doc. 1. Petitioner had 60 days from the date of judgment to file a notice of appeal seeking direct review in state court.[6] Cal. R. Ct. 8.308[7]; *see Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (finding an un-appealed conviction became final 60 days after the judgment of conviction).

Petitioner did not file a notice of appeal in state court within 60 days. Lodg. Docs. 2, 3.

---

[5] On July 13, 2009, an amended abstract of judgement was filed *nunc pro tunc* as of June 19, 2009. Lodg. Doc. 1. The date of sentencing remained unchanged and the statute of limitations period was not affected. *See Johnson v. Sisto*, No. CIV S-08-496, 2010 WL 1006444, at *5, *7 (E.D. Cal. Mar. 17, 2010). Yet, even if the limitations period had begun to run on July 14, 2009, the day following the issuance of the amended judgment, the instant petition would still be more than a year late.

[6] The start date of the limitations period was not affected by petitioner's request to belatedly file a notice of appeal. The start date would only have been affected if the California Court of Appeal had granted petitioner's request and reopened direct review, rendering his judgment nonfinal and altering the triggering date of the limitations period:

> [T]he possibility that a state court may reopen direct review "does *not* render convictions and sentences that are no longer subject to direct review nonfinal," [Citation]. We do not depart from that rule here; we merely hold that, where a state court *has in fact reopened* direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal.

*Jimenez v. Quarterman*, 555 U.S. 113, 120 n.4 (2009) (emphasis added) (citation omitted). Here, the state court did not reopen direct review. Lodg. Doc. 3. Respondent is therefore correct that petitioner's request did not affect the commencement date for the limitations period. Dckt. No. 9 at 3-4.

[7] Respondent cites Cal. R. Ct. 30.1; however, this rule was renumbered as 8.308, and amended, effective January 1, 2007. *See* Cal. R. Ct. 30.1 (renumbered 2007).

4

The judgment therefore became final on August 18, 2009, and the one-year limitations period commenced running the following day, August 19, 2009. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until August 18, 2010, to file his federal habeas petition. However, he did not file the instant petition until February 5, 2012. Dckt. No. 1 at 7. Absent tolling, his application in this court is more than a year late.

### B. Tolling

Petitioner has not established that he is entitled to statutory tolling.[8] Petitioner's state habeas petitions do not provide a basis for tolling because these petitions were filed after August 18, 2010, the date the limitations period expired. Lodg. Docs. 4, 6, 8. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir 2003); *see Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (finding a petitioner's filing of a state habeas petition after the one-year limitations period ran "resulted in an absolute time bar to refiling after his state claims were exhausted"). Accordingly, petitioner is not entitled to statutory tolling and the instant petition is barred by the statute of limitations.

### IV. Conclusion

Petitioner failed to timely file his petition for writ of habeas corpus. Accordingly, it is hereby ORDERED that:

1. Respondent's motion to dismiss, Dckt. No. 9, is granted;

2. The Clerk is directed to enter judgment in this case; and

////

////

////

---

[8] Indeed, petitioner does not even argue in support of statutory tolling nor raise equitable tolling. Petitioner simply addresses the merits of his petition; he claims that his constitutional due process rights were violated because his sentence did not adhere to the negotiated plea agreement in violation of California contract law. *See generally* Dckt. Nos. 1, 11.

5

3. The court declines to issue a certificate of appealability.

DATED: December 3, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE